UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____

KADEIDRA DAWSON on behalf of herself and
all other similarly situated consumers

                            Plaintiff,

    -against-

THE LAW OFFICES OF JARED P. TURMAN, PLLC

                            Defendant.
_____

## CLASS ACTION COMPLAINT

### Introduction

1. Plaintiff, Kadeidra Dawson, brings this action against The Law Offices of Jared P. Turman, PLLC for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA"). The FDCPA prohibits debt collectors from engaging in abusive, deceptive and unfair collection practices while attempting to collect on debts.

### Parties

2. Plaintiff is a citizen of the State of New York who resides within this District.

3. Plaintiff is a consumer as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that Defendant sought to collect from Plaintiff a consumer debt.

4. Upon information and belief, Defendant's principal place of business is located in Merrick, New York.

5. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

6. Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

**Jurisdiction and Venue**

7. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

**Allegations Particular to Kadeidra Dawson**

9. Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

10. On or about June 29, 2016, Defendant sent the Plaintiff a collection letter.

11. The said letter was an effort to collect on a defaulted consumer debt.

12. The said June 29, 2016 letter was Defendant's initial communication with the Plaintiff.

13. Section 1692g of the FDCPA requires that, within 5 days of a debt collector's first communication to a consumer, it must provide consumers with several pieces of information – the amount of the debt, the 30-day validation notice and "(2) the name of the creditor to whom the debt is owed", see, 15 U.S.C. § 1692g(a).

14. It is not enough to provide the information required by § 1692g of the FDCPA; rather, that information must be effectively conveyed.[1]

15. The Defendant's letter was supposed to identify the name "New York Comprehensive MedicalP.C." either as the "original creditor," "current creditor," or "the creditor to

---

[1] Datiz v. Int'l Recovery Assocs., No. 15-CV-3549 (ADS)(AKT), 2016 U.S. Dist. LEXIS 102695, at *14-33 (E.D.N.Y. Aug. 4, 2016) (The Court is not convinced that the least sophisticated consumer would be able to deduce from the caption, "Re: John T. Mather Hospital," that John T. Mather Hospital is the current creditor to whom the Plaintiff's debt is owed for purposes of Section 1692g(a)(2), particularly given the fact that the Letter does not specify the Defendant's relationship to John T. Mather Hospital.); McGinty v. Prof'l Claims Bureau, Inc., 2016 U.S. Dist. LEXIS 143627 ([Defendant's] Collection Letters are similarly deficient because: (i) the letters' captions, which read "Re: NSLIJ PHYSICIANS - DEPT OF ORTHOPEDIC SURGERY" and "Re: ST CATHERINE OF SIENNA," fail to identify the Medical Providers as Plaintiffs' current creditors; and (ii) the letters, which state that "[t]he above referenced account has been referred to our offices for collection," fail to make clear on whose behalf PCB was acting when it sent the Collection Letters.); Clomon v. Jackson, 988 F.2d 1314, 1993 U.S. App. LEXIS 4965 (2d Cir. Conn. 1993); Miller v. Wolpoff & Abramson, L.L.P., 321 F.3d 292, 2003 U.S. App. LEXIS 3409, 55 Fed. R. Serv. 3d (Callaghan) 746 (2d Cir. N.Y. 2003); Savino v. Computer Credit, 164 F.3d 81, 1998 U.S. App. LEXIS 31652, 42 Fed. R. Serv. 3d (Callaghan) 1154 (2d Cir. N.Y. 1998); McStay v. I.C. Sys., 308 F.3d 188, 2002 U.S. App. LEXIS 21542 (2d Cir. N.Y. 2002) see also, 15 U.S.C. § 1692g(b)., Jacobson v. Healthcare Fin. Servs., Inc., 516 F.3d 85, 90 (2d Cir. 2008) citing Russell v. Equifax A.R.S., 74 F.3d 30, 35 (2d Cir. 1996).

whom the debt is owed."

16. Merely naming the creditor without specifically identifying the entity as the current creditor to whom the debt is owed is not sufficient to comply with 15 U.S.C. § 1692g(a)(2).

17. An unsophisticated consumer is left in the dark as to whether or not "New York Comprehensive Medical P.C." is in fact the creditor to whom the alleged debt is owed.[2]

18. An unsophisticated consumer is left confused as to who the creditor is in this case.[3]

19. Defendant failed to effectively state "the name of the creditor to whom the debt is owed."

20. Therefore, Defendant's form collection letter violates §§ 1692g and 1692g(2) of the FDCPA.

21. An unsophisticated consumer would likely be deceived by Defendant's conduct.

22. Said June 29, 2016 letter is also deceptive and misleading in violation of 15 U.S.C. §§ 1692e and 1692e(10).

23. Said letter is deceptive and misleading as it failed to correctly identify the name of the

---

[2] Janetos v. Fulton, Friedman & Gullace, LLP, 2015 U.S. Dist. LEXIS 48774 (N.D. Ill., Apr. 13, 2015) (Thus, standing alone the fact that the form letter included the words "Asset Acceptance, LLC" [creditor] did not establish compliance with § 1692g(a)(2). The Act required [Defendant's] letter to identify Asset Acceptance as the "creditor to whom the debt is owed." 15 U.S.C. § 1692g(a)(2). The letter had to make that identification clearly enough that the recipient would likely understand it.); Beltrez v. Credit Collection Servs., 2015 U.S. Dist. LEXIS 160161 (E.D.N.Y. Nov. 25, 2015) ("As Plaintiff has stated a plausible claim that the Defendant's failure to explicitly and accurately name the creditor to whom the debt is owed would likely confuse the least sophisticated consumer as to the name of the actual creditor to whom the debt is owed, Defendant's motion must be denied."); Schneider v. TSYS Total Debt Mgmt., Inc., No. 06-C-345, 2006 WL 1982499 (B.D. Wis. July 13, 2006) ("[T]hroughout its briefs, [the debt collector] implies that the full and complete name of the creditor includes the name 'Target.' Yet, without the full and complete name of the creditor, be it Target National Bank, Target Customs Brokers, Inc., or a corporation that simply identifies itself by the acronym 'T.A.R.G.E.T,' it would be impossible for this court to decide whether [the debt collector] sufficiently identified the creditor to whom [the consumer's] debt is owed. Moreover, given that the full and complete name of the creditor is unknown, at least to the cornt, and given the fact-based nature of the confusion question, it would not be appropriate, at this early stage of the litigation, for the court to determine whether the unsophisticated debtor would be confused by the collection letter."); Amina v. WMC Mortgage Corp., No. CIV. 10-00165 JMS, 2011 WL 1869835 (D. Haw. May 16, 2011) ("[A] genuine issue of material fact exists regarding whether [the debt collector] complied with § 1692g(a)(2)'s requirement that [the debt collector] identify the current creditor. [The debt collector] identified the creditor only as 'CHASE,' and it should go without saying that there are multiple Chase entities. Further, there is no evidence on the record establishing that Chase is indeed the current creditor.")

[3] Lee v. Forster & Garbus LLP, 12 cv 420, 2013 WL 776740 (E.D. N.Y. 2013) ("Defendants fare no better insisting that any misidentification in the Collection Letter was immaterial. As an initial matter, this argument only could apply to the alleged Section 1692e and Section 1692f violations. Section 1692(g)[(a)](2) specifically requires debt collectors to identify the creditor to whom the debt is owed in the initial communication or within five days of the initial communication. There is nothing in the statute requiring the identity of the creditor to be "material" to the communication. In addition, even assuming, arguendo, that a deceptive statement must be material to violate Section 1692e and Section 1692f, failing to identify the creditor here 7 after "pay to the order of" on the payment check to ensure that the debt is satisfied. Accordingly, Defendants' materiality argument is without merit."); Pardo v. Allied Interstate, LLC, 2015 U.S. Dist. LEXIS 125526 (S.D. Ind. Sept. 21, 2015); Walls v. United Collection Bureau, Inc., 2012 U.S. Dist. LEXIS 68079, *4-5, 2012 WL 1755751 (N.D. Ill. May 16, 2012); Deschaine v. Nat'l Enter. Sys., 2013 U.S. Dist. LEXIS 31349, *3-5 (N.D. Ill. Mar. 7, 2013).

creditor to whom the debt is owed in violation of 15 U.S.C. §§ 1692e, 1692e(10), 1692g and 1692g(a)(2).

24. Said June 29, 2016letter further stated as follows:

"Unless you notify this office within thirty (30) days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume that the debt is valid. If you notify this office within thirty (30) days from receiving this notice, this office will: Obtain verification of the debt or obtain a copy of the judgment and mail you a copy of such judgment or verification; and if you request the same, this office will provide you with the name and address of the original creditor, if different from the current creditor."

25. Said language is in violation of 15 U.S.C. §§ 1692g(a)(4) and 1692g(a)(5) because the letter failed to advise the debtor that to be entitled to a verification of the debt, the request had to be in writing.[4]

---

[4] Macy et al v. GC Services Limited Partnership, 2016 U.S. Dist. LEXIS 134421 (W.D. KY 2016) ([T]he Court finds Plaintiffs' complaint to be sufficient . . . Here, [plaintiffs] allege that GC Services violated subsections (a)(4) and (5) by sending them notices that failed to mention the in-writing requirement. As a result of this omission, they claim, the least sophisticated debtor might make an oral request instead, thereby waiving the protections of subsection (b). The complaint thus adequately alleges injury in fact, and plaintiffs have standing to pursue their claims.); Camacho v. Bridgeport Fin. Inc., 430 F.3d 1078, 1082 (9th Cir. 2005) (The court held that the FDCPA "assigns lesser rights to debtors who orally dispute a debt and greater rights to debtors who dispute it in writing. "The plain meaning of § 1692g is that debtors can trigger the rights under subsection (a)(3) by either an oral or written 'dispute,' while debtors can trigger the rights under subsections (a)(4) and (a)(5) **only through written dispute."** Id. (emphasis added).); See also, Bicking v. Law Offices of Rubenstein & Cogan, 783 F. Supp. 2d 841, 2011 U.S. Dist. LEXIS 48623 (E.D. Va. 2011) (Defendants' failure to include the "in writing" requirement could easily deceive the least sophisticated debtor into believing that oral notice is sufficient, and therefore cause the consumer to forfeit his or her rights under subsections (a)(4) and (5) of Section 1692g. The court also held that the alleged violations of Sections 1692g(a)(4) and (5) therefore also state a claim under § 1692e(10).); Welker v. Law Office of Daniel J. Horwitz, 699 F. Supp. 2d 1164 (S.D. Cal. 2010) (Defendant violated § 1692g(a)(4) and (5) because his dunning letter failed to advise the debtor that to be entitled to a verification of the debt or to obtain the name and address of the original creditor under the request had to be in writing.); Beasley v. Sessoms & Rogers, P.A., No. 5:09-CV-43-D, 2010 U.S. Dist. LEXIS 52010, at *18-19 (E.D.N.C. Mar. 1, 2010) (Omission of the requirement that the consumer request verification in writing violated § 1692g(a). The court rejected defendants' argument that the validation notice ''clearly implies receiving written notification'' and found that the notice violated § 1692g(a)(4).); Nero v. Law Office of Streeter, P.L.L.C., 655 F. Supp. 2d 200, 206 (E.D. N.Y. 2009) ("[T]he validation notice clearly omitted an important term--that the consumer must inform the debt collector in writing to be entitled to verification of the debt [pursuant to sub-section (a)(4]."); Hernandez v. Guglielmo, 977 F. Supp. 2d 1054 - Dist. Court, D. Nevada 2013 ("(T)he court disagrees that the consumer protection goals were met by defendant because every consumer who disputed the letter, either verbally or in writing, even if outside of the 30-day period, was provided with the verification as required by the Act. The consumer protection goals of effective conveyance of the consumer's rights under the Act, and the assignment of lesser rights to those who orally dispute a debt, whether or not verification is ultimately given, demands highly technical compliance with the "in writing" notification, as opposed to highly technical noncompliance."); Grant-Fletcher V. McMullen & Drury, Pa, Dist. Court, D. Maryland 2013 ("[T]he Letter would confuse the least sophisticated consumer about whether he or she acquired the statutory protections of § 1692g by disputing the debt"); Osborn v. Ekpsz, LLC, 821 F. Supp. 2d 859, 870, 2011 U.S. Dist. LEXIS 109385 (S.D. Tex. 2011) ("But if the consumer disputes the debt orally rather than in writing, the consumer loses the protections afforded by § 1692g(b); the debt collector is under no obligation to cease all collection efforts and obtain verification of the debt. …Every district court to consider the issue has held that a debt collector violates §1692g(a) by failing to inform consumers that requests under subsections (a)(4) and (a)(5) must be made in writing."); Carroll v. United Compucred Collections, Inc., No. 1-99-0152, 2002 U.S. Dist. LEXIS 25032, 2002 WL 31936511, at *8-9 (M.D. Tenn. Nov. 15, 2002) (The court held that the debt collector's demand letter contradicted and overshadowed the FDCPA's 30 day validation notice provision in violation of 15 U.S.C. § 1692g(a), that the debt collector failed to inform the debtors that a request of verification must be in writing in violation of 15 U.S.C. § 1692g(a)(4), The court held that the debtors sufficiently established the prerequisites for class certification under Fed. R. Civ. P. 23(a), (b)(2), and (b)(3).); Yrok Gee Au Chan v. North Am. Collectors, Inc., No. C 06-0016 JL, 2006 U.S. Dist. LEXIS 13353, 2006 WL 778642, at *6 (N.D. Cal. Mar. 24, 2006) (Finding a violation of the FDCPA where the validation notice "fail[ed] to inform the consumer that he must dispute the debt in writing to preserve his right [under sub-section (a)(4)]" (emphasis in original).); McCabe v. Crawford & Co., 272 F. Supp. 2d 736, 743 (N.D. Ill. 2003) ("[B]y omitting the words 'in writing,' *Crawford* did not effectively convey to the consumer his rights under [sub-section (a)(4) of] the FDCPA and thus violated the Act." (citation omitted)); Grief v. Wilson, Elser, Moskowitz, Edelman & Dicker, LLP, 217 F. Supp. 2d 336, 340 (E.D. N.Y. 2002) ("Without a statement that [the requests under sub-sections (a)(4) and (a)(5)] must be in writing, the least sophisticated consumer is not simply uncertain of her rights under the statute, she is completely unaware of them." (internal citation omitted.)); Ehrich v. I.C. Sys., 2010 U.S. Dist. LEXIS 4367 *18-19 (E.D.N.Y. Jan. 20, 2010) (Oral requests by consumers do not protect

26. Validation of debts [15 U.S.C. 1692g] states:

> (a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing --
>
> (4) a statement that if the consumer notifies the debt collector **in writing** within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; (emphasis added)

27. The said letter further overshadowed the Plaintiff's right to dispute the debt, violating sections 1692e, 1692e(10), and 1692g(a)(4) of the FDCPA.

28. Section 1692g(a) of the FDCPA states as follows:

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –
>
> a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector - 15 U.S.C. § 1692g(a)(3).
>
> A statement that if the consumer notifies the debt collector in writing … ***that the debt, or any portion thereof, is disputed***, the debt collector will obtain verification of the debt … and a copy of such verification … will be mailed to the consumer by the debt collector - 15 U.S.C. § 1692g(a)(4). (emphasis added.)[5]

29. The Defendant did not send the Plaintiff a written notice containing a statement that if Plaintiff notifies Defendant in writing within the thirty-day period <u>that the debt, or any portion thereof, is disputed</u>, Defendant would obtain verification of the debt and that a

---

their rights under the FDCPA.); DeCapri v. Law Offices of Shaprio Brown & Alt, LLP, Civil Action No. 3: 14cv201-HEH (E.D. Va. Sept. 19, 2014) (As far as this Court can tell, those courts that have confronted the issue have held that a debt collector's failure to include the "in writing" requirement violates subsection (a)(4) of section 1692g.); Spira v. Consiglio, Parisi & Allen, 2001 U.S. Dist. LEXIS 24497, *8-9 (E.D.N.Y. Jan. 3, 2001) (Collection letter violated FDCPA by omitting a statement that consumer notify the collector in writing in order to have verification of debt the court stated additionally "[The debt collector] argues that making this suggestion and providing this information does not create uncertainty regarding the consumer's rights under the FDCPA, but rather demonstrates its intent to provide the consumer with an additional and, perhaps, more accessible option for resolving this dispute. The court sympathizes with [The debt collectors] argument and, moreover, assumes for these purposes that its intentions were laudable. The FDCPA, however, is a strict liability statute, and a violation can occur regardless of a collector's best intentions.")

[5] In the Ninth Circuit, "the impact of language alleged to violate section 1692g is judged under the 'least sophisticated debtor' standard. Swanson, 869 F. 2d at 1225. If a court finds "that the least sophisticated debtor would likely be misled by the notice which [the debtor] received from the [debt collector], [a court] must hold that the credit service has violated the Act." Id.

copy of the verification would be mailed to Plaintiff, in violation of 15 U.S.C. § 1692g(a)(4).

30. Said letter failed to clearly differentiate between disputing a debt, or any portion thereof, and obtaining verification of a debt.

31. An unsophisticated consumer could be led to believe that his or her notification to the debt collector is merely in order to obtain verification of the debt, but <u>not</u> to dispute it.

32. The said acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.[6]

33. Defendant's letter violated 15 U.S.C. §§ 1692e, 1692e(10), and 1692g(a)(4), for false and deceptive representations and for failing to comply with the validation notice requirements, in particular, for misrepresenting Plaintiff's right to dispute the debt and misrepresenting Plaintiff's right to obtain verification of the debt.

34. Plaintiff suffered injury in fact by being subjected to unfair and abusive practices of the Defendant.

35. Plaintiff suffered actual harm by being the target of the Defendant's misleading debt collection communications.

36. Defendant violated the Plaintiff's right not to be the target of misleading debt collection communications.

37. Defendant violated the Plaintiff's right to a truthful and fair debt collection process.

38. Defendant used materially false, deceptive, misleading representations and means in its

---

[6] Foresberg v. Fidelity Nat'l Credit Servs., Ltd., 2004 WL 3510771 (S.D. Cal. Feb. 26, 2004) (The collector's omission from the validation notice of the consumer's right to dispute any portion of the debt violated the Act.); Bailey v. TRW Receivables Mgmt. Servs., Inc., 1990 U.S. Dist. LEXIS 19638 (D. Haw. Aug. 16, 1990) (The § 1692g notice did not notify the consumer that any portion of the debt could be disputed and verified. The failure to notify the consumer that any portion of the debt could be disputed and verified violated 1692g.); McCabe v. Crawford & Co., 210 F.R.D. 631 (N.D. Ill. 2002) (A claim was stated where the collector's letter failed to inform the consumer that he may dispute ''any portion'' of the debt.); Beasley v. Sessoms & Rogers, P.A., 2010 WL 1980083 (E.D.N.C. Mar. 1, 2010) (The court found that the validation notice violated § 1692g(a)(4) by omitting the ''in writing'' requirement that she could dispute any portion of the debt.)

attempted collection of Plaintiff's alleged debt.

39. Defendant's communications were designed to cause the debtor to suffer a harmful disadvantage in charting a course of action in response to the Defendant's collection efforts.

40. The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendant's false representations misled the Plaintiff in a manner that deprived her of her right to enjoy these benefits, these materially misleading statements trigger liability under section 1692e of the Act.

41. These deceptive communications additionally violated the FDCPA since they frustrate the consumer's ability to intelligently choose his or her response.

42. Plaintiff seeks to end these violations of the FDCPA. Plaintiff has suffered damages including but not limited to, fear, stress, mental anguish, emotional stress and acute embarrassment. Plaintiff and putative class members are entitled to preliminary and permanent injunctive relief, including, declaratory relief, and damages.

## CLASS ALLEGATIONS

43. This action is brought as a class action. Plaintiff brings this action on behalf of herself and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

44. The identities of all class members are readily ascertainable from the records of The Law Offices of Jared P. Turman, PLLC and those business and governmental entities on whose behalf it attempts to collect debts.

45. Excluded from the Plaintiff's Class is the Defendant and all officers, members, partners, managers, directors, and employees of the Defendant, and all of their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

46. There are questions of law and fact common to the Plaintiff's Class, which common issues predominate over any issues involving only individual class members. The principal issues are whether the Defendant's communications with the Plaintiff, such as the above stated claims, violate provisions of the Fair Debt Collection Practices Act.

47. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories.

48. The Plaintiff will fairly and adequately protect the interests of the Plaintiff's Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

49. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

    (a) **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff's Class defined above is so numerous that joinder of all members would be impractical.

    (b) **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff's Class and those questions predominate over any questions or issues involving only individual class members. The

principal issues are whether the Defendant's communications with the Plaintiff, such as the above stated claims, violate provisions of the Fair Debt Collection Practices Act.

(c) **Typicality:** The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff's Class defined in this complaint have claims arising out of the Defendant's common uniform course of conduct complained of herein.

(d) **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor her counsel have any interests, which might cause them not to vigorously pursue the instant class action lawsuit.

(e) **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender. Certification of a class under Rule 23(b)(l)(A) of the Federal Rules of Civil Procedure is appropriate because adjudications with respect to individual members create a risk of inconsistent or varying adjudications which could establish incompatible standards of conduct for Defendant who, on

information and belief, collects debts throughout the United States of America.

50. Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that a determination that the above stated claims, violate provisions of the Fair Debt Collection Practices Act, and is tantamount to declaratory relief and any monetary relief under the FDCPA would be merely incidental to that determination.

51. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff's Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

52. Further, Defendant has acted, or failed to act, on grounds generally applicable to the Rule (b)(l)(A) and (b)(2) Class, thereby making appropriate final injunctive relief with respect to the Class as a whole.

53. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify one or more classes only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## AS AND FOR A FIRST CAUSE OF ACTION

**Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of herself and the members of a class, as against the Defendant.**

54. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered one (1) through fifty three (53) herein with the same force and effect is if the same were set forth at length herein.

55. This cause of action is brought on behalf of Plaintiff and the members of two classes.

56. The first class consists of all persons whom Defendant's records reflect resided in the State of New York; and (a) who were sent a collection letter in substantially the same form letter as the letter sent to the Plaintiff on or about June 29, 2016; and (b) the collection letter was sent to a consumer seeking payment of a personal debt; and (c) the collection letter was not returned by the postal service as undelivered; and (d) the Plaintiff asserts that the letter contained violations of 15 U.S.C. §§ 1692e, 1692e(10), 1692g and 1692g(a)(2) for failing to correctly identify the name of the creditor to whom the debt is owed.

57. The second class consists of all persons whom Defendant's records reflect resided in the State of New York; and (a) who were sent a collection letter in substantially the same form letter as the letter sent to the Plaintiff on or about June 29, 2016; and (b) the collection letter was sent to a consumer seeking payment of a consumer debt; and (c) the collection letter was not returned by the postal service as undelivered; and (d) the Plaintiff asserts that the letter contained violations of 15 U.S.C. §§ 1692g, 1692g(a), 1692g(a)(4) and 1692g(a)(5).

**Violations of the Fair Debt Collection Practices Act**

58. The Defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

59. Because the Defendant violated the Fair Debt Collection Practices Act, the Plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests preliminary and permanent injunctive relief, and that this Court enter judgment in Plaintiff's favor and against the Defendant and award damages as follows:

(a) Statutory damages provided under the FDCPA, 15 U.S.C. § 1692(k);

  (b)  Attorney fees, litigation expenses and costs incurred in bringing this action; and

  (c)  Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Brooklyn, New York
   April 6, 2017

               __/s/ Maxim Maximov_____
               Maxim Maximov, Esq.
               Attorneys for the Plaintiff
               Maxim Maximov, LLP
               1701 Avenue P
               Brooklyn, New York 11229
               Office: (718) 395-3459
               Facsimile: (718) 408-9570
               E-mail: m@maximovlaw.com

Plaintiff requests trial by jury on all issues so triable.

               __/s/ Maxim Maximov_____
               Maxim Maximov, Esq.